UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARWIN JONATHAN RUBIO VILLAFRANCA,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-04969 DAD AC

FINDINGS & RECOMMENDATIONS

Petitioner, an immigration detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 1. This action was referred to the undersigned by the district judge and by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1). As discussed below, the court recommends that the petition be dismissed as moot based on petitioner's voluntary departure from the United States.

I. Factual and Procedural Background

Petitioner is a native and citizen of Honduras who entered the United States at an unknown time and place without inspection. ECF No. 7-2 at 2. He has been arrested on several prior occasions since 2014 for driving without a license in Naples, Florida, and was most recently arrested on November 21, 2025. Id.; ECF No. 7-6 (RAP sheet). Immediately following his

January 22, 2026, conviction and sentence for time already served at the Naples Jail Center, petitioner was transferred to ICE custody. ECF No. 7-2 at 3 (Form I-213).

On January 26, 2026, petitioner was charged by DHS as a removable alien not admitted or paroled and not in possession of a valid unexpired immigrant visa or other entry document. ECF No. 7-3 at 1 (Form I-862). On June 4, 2026, an immigration judge ("IJ") granted petitioner relief from removal in the form of voluntary departure to Honduras under safeguards by no later than August 3, 2026. ECF No. 7-1 at 3-6. Petitioner did not appeal the IJ's order, and therefore it is administratively final.

On June 29, 2026, petitioner filed a petition for writ of habeas corpus challenging his prolonged immigration detention on due process grounds (ECF No. 1), along with a motion to appoint counsel which is still pending (ECF No. 3). On July 2, 2026, the undersigned ordered respondents to respond to the habeas petition and substantively address whether there are any factual or legal issues in this case that materially distinguish it from several of the court's past decisions. ECF No. 6. Respondents were also ordered not to transfer petitioner outside of this judicial district pending further order of the court. Id. Petitioner was directed to file an optional reply, if any, within seven days of respondents' response. Id.

Respondents filed an opposition July 8, 2026, advising the court that petitioner "remains detained solely to execute his voluntary departure from the United States, under safeguards, without a removal order if he leaves by August 3, 2026." ECF No. 7 at 1. To facilitate petitioner's timely voluntary departure to avoid issuance of a removal order that would bar his return to the United States in the future, respondents asked the court to lift the no-transfer order previously issued (ECF No. 6) before the IJ's order would convert to an administratively final order of removal. Id. at 2 (citing 8 U.S.C. § 1231(a)(2)).

Upon review of respondents' response, the undersigned directed petitioner to file a reply by no later than Monday, July 27, 2026, advising the court whether he wants to voluntarily dismiss this action to pursue voluntary departure, or continue to litigate this habeas case. ECF No. 8. When petitioner did not file a reply, the undersigned modified the no-transfer order "to permit petitioner's voluntary departure out of the district consistent with the Immigration Judge's

June 4, 2026 order" and further directed respondents to notify the court of petitioner's status by Wednesday, August 5, 2026. ECF No. 9.

On August 5, respondents advised the court that "[d]ue to unforeseen circumstances, Petitioner's voluntary departure date was extended until September 5, 2026" but would be facilitated within the next three (3) weeks. ECF No. 10 at 1. On August 17, 2026, respondents confirmed that petitioner was repatriated to Honduras on August 15, 2026. ECF No. 11; ECF No. 11-1 (documentation of petitioner's release to Honduras on August 15, 2026).

On October 13, 2026, the undersigned confirmed that, consistent with respondents' representations that petitioner had voluntarily departed to Honduras, petitioner no longer appeared in the Immigration and Customs Enforcement Online Detainee Location System. ECF No. 12. Petitioner was directed to show cause within seven days why this action should not be dismissed as moot based on petitioner's voluntary departure, and advised that his failure to respond will be construed as a concession that the case should be dismissed as moot. Id. To date, petitioner has not filed a response.

II. Legal Standard

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of the federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be addressed by a favorable decision." Id. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings[.]" Id.

III. Analysis

Respondents have provided sufficient evidence of petitioner's voluntary departure to Honduras on August 15, 2026. ECF No. 11; ECF No. 11-1. Petitioner was provided an opportunity in July 2026 to advise the court whether he wanted to voluntarily dismiss this action in order to pursue voluntary departure or wished to continue to litigate this habeas case (ECF No. 8), and he was subsequently ordered to show cause why his petition should not be dismissed as moot (ECF No. 12). Petitioner was also cautioned that his lack of response to the order to show cause would be construed as a concession that the case should be dismissed as moot. Id. To date,

petitioner has not responded to either order.

Given that petitioner has voluntarily departed the United States, the court finds that no case or controversy exists. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (finding habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention."). Based on this fact, as well as petitioner's failure to respond to the court's October 13, 2026 order to show cause, the undersigned recommends that this action be dismissed as moot.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for appointment of counsel (ECF No. 3) be DENIED as MOOT.

It is further RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be dismissed as MOOT.
2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 22, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE